COMMONWEALTH OF KENTUCKY
48TH JUDICIAL CIRCUIT
FRANKLIN CIRCUIT COURT
DIVISION \_\_\_\_\_
CASE NO. _____

LETTI K. HALL, Individually and            PLAINTIFF(S)
as the Personal Representative for
the ESTATE OF SCOTT P. HALL,
DECEASED

vs.                    <u>COMPLAINT</u>

M & T TRUCKING EXPEDITING LLC
Registered Agent: Mark A. Beckelheimer            DEFENDANT(S)
         34 Northwood Ave.
         Franklin Furnace, OH 45629

         Service of Process:
         Office of the Secretary of State
         Summons Branch
         700 Capital Ave., Ste. 86
         Frankfort, KY 40601

AND

BOWEN TRANSPORTATION, LLC
Registered Agent: Thomas R. Bowen
         5277 Lower Twin Road
         South Salem, OH 45681

         Service of Process:
         Office of the Secretary of State
         Summons Branch
         700 Capital Ave., Ste. 86
         Frankfort, KY 40601

AND

MARK A. BECKELHEIMER
132 Gray Street
Franklin Furnace, OH 45629

Page **1** of **14**



EXHIBIT 1

Service of Process:
Office of the Secretary of State
Summons Branch
700 Capital Ave., Ste. 86
Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\*

Comes now, Plaintiff(s), Letti K. Hall, individually and as the personal representative for the Estate of Scott P. Hall, deceased, by counsel, and for her claims and causes of action against Defendants, M & T Trucking Expediting LLC, Bowen Transportation, LLC, and Mark A. Beckelheimer, states as follows:

1. Plaintiff, Letti K. Hall, individually and in her capacity as the personal representative for the Estate of Scott P. Hall, deceased, is and was at all times relevant herein a resident of Marion County, State of Indiana.

2. Plaintiff, Letti K. Hall was appointed as the personal representative for the Estate of Scott P. Hall, deceased, on October 10, 2019 in the Marion County Superior 8 Court, State of Indiana, under cause number 49D08-1910-ES-042572. *See Exhibit "1"*.

3. Defendant, M & T Trucking Expediting LLC (hereinafter also referred to as "M & T"), is a foreign limited liability corporation organized and existing under the laws of the State of Ohio and doing business in the Commonwealth of Kentucky with the principal office address of 132 Gray Street Franklin in Furnace, Ohio 45629, and whose agent for service of process in Ohio is Mark A. Beckelheimer whose address for service of process is 34 Northwood Avenue, Franklin Furnace, Ohio 45629.

4. Defendant, Bowen Transportation, LLC (hereinafter also referred to as "Bowen"), is a foreign limited liability corporation organized and existing under the laws of the

State of Ohio and doing business in the Commonwealth of Kentucky with a principal office address of 5277 Lower Twin Road in South Salem, Ohio 45629, and whose agent for service of process in Ohio is Thomas R. Bowen whose address for service of process is 5277 Lower Twin Road, South Salem, Ohio 45681.

5. Defendant, Mark A. Beckelheimer, is and was at all times relevant herein, a resident of the State of Ohio with an address of 132 Gray Street, Franklin Furnace, Ohio 45629.

6. All events relevant herein occurred in Franklin County, Commonwealth of Kentucky and thus this Court has proper jurisdiction in this action.

## FACTS COMMON TO ALL COUNTS

7. That on September 25, 2019, at approximately 8:10 p.m. the decedent, Scott P. Hall, was driving a 2008 Honda Accord southbound on US 127 approaching a Valero gas station located at 3888 US 127 with all due care in Franklin County, Commonwealth of Kentucky.

8. At the same time, date and location set out above, Defendant, Mark A. Beckelheimer, was driving a commercial motor vehicle 2010 Freightliner Columbia 120 tractor, operated by Defendant M & T Trucking Expediting LLC under the USDOT Number 02458407 and the DOT authority of Defendant M & T and pulling an enclosed trailer identified, as being owned by Bowen Transportation, LLC which operates under USDOT 1817076.

9. At the same time, date and location set out above, Defendant Mark A. Beckelheimer was acting in his capacity as a commercial driver.

10. Defendant, Mark A. Beckelheimer, while acting as a commercial driver on the roads and highways of the Commonwealth of Kentucky has a duty to obey and comply with the regulations as set forth in 49 C.F.R. §§ 392, 393, 394, 395 and 396.

11. Defendant, Mark A. Beckelheimer, while acting as a commercial driver on the roads and highways of the Commonwealth of Kentucky has a duty to obey and comply with the laws governing of the Commonwealth of Kentucky including those laws regulating motor vehicle, commercial motor vehicles and traffic.

12. The averments in paragraphs 1 through 11 are hereby incorporated by reference into Counts I through VIII as if fully recited therein.

## COUNT I: NEGLIGENCE OF MARK A. BECKELHEIMER

13. Defendant, Mark A. Beckelheimer, drove the aforementioned tractor-trailer out from the aforementioned Valero gas station parking lot, to turn left across the southbound lanes of US 127, so as to enter into the northbound lanes of US 127.

14. Defendant, Mark A. Beckelheimer, stopped the aforementioned tractor-trailer partially in the grassy median between the northbound and southbound lanes leaving a portion of the trailer he was pulling in the southbound lanes of US 127 causing decedent's, Scott P. Hall's, vehicle to crash into the trailer.

15. Defendant Mark A. Beckelheimer operated his vehicle without due regard for the safety of others and with a reckless disregard for other drivers.

Filed            20-CI-00074    01/17/2020            Amy Feldman, Franklin Circuit Clerk

16. Defendant Mark A. Beckelheimer had a duty to drive his vehicle in a safe and reasonable manner, to pay attention to the circumstances around him, and to drive with due regard for the safety of others.

17. Defendant Mark A. Beckelheimer failed in the aforementioned duties and was therefore negligent.

18. As a direct and proximate result of Defendant Mark A. Beckelheimer's negligence, while driving a vehicle for Defendants M & T and Bowen, Scott P. Hall suffered physical pain and suffering, mental anguish and severe bodily injuries resulting in his death.

19. As a direct and proximate result of Defendant Mark A. Beckelheimer's negligence, while driving a vehicle for Defendants M & T and Bowen, the Estate of Scott P. Hall incurred medical expenses and physician expenses.

20. Defendant Mark A. Beckelheimer's negligence were the direct and proximate cause of the death of Scott P. Hall.

21. As a direct and proximate result of Defendant Mark A. Beckelheimer's negligence, while driving a vehicle for Defendants M & T and Bowen, the Estate of Scott P. Hall incurred burial and funeral expenses.

22. As a direct and proximate result of Defendant Mark A. Beckelheimer's negligence, while driving a vehicle for Defendants M & T and Bowen, Scott P. Hall's ability to labor, earn money and provide for his family was destroyed.

23. Pursuant to K.R.S. 304.39-060(2), the Plaintiff(s), Letti K. Hall, individually and as personal representative for the Estate of Scott P. Hall, deceased, is entitled to bring this action for damages.

## COUNT II:    NEGLIGENCE PER SE OF MARK A. BECKELHEIMER

24. Plaintiff(s), Letti K. Hall, Individually and as Personal Representative for the Estate of Scott P. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 23 as if set out fully herein and incorporates the same by reference.

25. Defendant Mark A. Beckelheimer had a duty not to turn to left unless such movement could be made in safety without interfering with other traffic pursuant to K.R.S. 189.330(8).

26. Defendant Mark A. Beckelheimer had a duty to yield the right of way to all vehicles approaching on US 127 prior to making the aforementioned left turn pursuant to K.R.S. 189.330 (10).

27. Defendant Mark A. Beckelheimer had a duty to inspect his vehicle prior to driving said vehicle and to not operate his vehicle on public roads when the reflective devices or material required pursuant to 49 C.F.R. § 393.11 are inoperable, missing or are obscured by dirt, mud or other debris pursuant to 49 C.F.R. § 392.33 and K.R.S. 281.757(2).

28. Defendant Mark A. Beckelheimer had a duty to comply with all Federal Motor Carrier Safety Regulations and specifically with those regulations with regard to hours of service of drivers pursuant to 49 C.F.R. § 395 and K.R.S. 281.600.

29. Defendant Mark A. Beckelheimer had a duty to maintain and have a current record of duty status pursuant to 49 C.F.R. § 395.8, 49 C.F.R. § 395.15 and K.R.S. 281.600(5) on September 25, 2019 when examined by the Kentucky State Police and/or a Federal Motor Carrier Safety Administration special agent.

30. Defendant Mark A. Beckelheimer failed to have a current record of duty status, compliant with 49 C.F.R. § 395.8, 49 C.F.R. § 395.15 and K.R.S. 281.600(5) on September 25, 2019 when he was stopped by Kentucky State Police, Trooper S. Darnell, and thus was taken out of service at or about 10:50 a.m. pursuant to 49 C.F.R. § 395.13 until 9:35 p.m. on September 25, 2019.

31. During the aforementioned stop by Trooper S. Darnell, Defendant Mark A. Beckelheimer was issued a citation for violations of Kentucky Revised Statutes, of which two (2) pertinent counts were:

    a. Count 1: K.R.S. 281.600 - Violation Part 395 Federal Safety Regulations – Hours of Service for Drivers; and

    b. Count 4: K.R.S. 189.222 - Overlength Tractor Semi-Trailer.

32. Defendant Mark A. Beckelheimer was found guilty to Count 1 of the September 25, 2019 violation of K.R.S. 281.600 on October 22, 2019 in the Shelby District Court, case number 19-T-03435.

33. Defendant Mark A. Beckelheimer was found guilty to Count 4 of the September 25, 2019 violation of driving a vehicle 5 ½ feet longer than allowed on Frankfort Road in Shelby County, Commonwealth of Kentucky on October 22, 2019 in the Shelby District Court, case number 19-T-03435.

34. Upon investigation of the crash which is the subject of this complaint, Kentucky State Police Trooper K. Armstrong again conducted an inspection of the vehicle operated by Defendant Mark A. Beckelheimer on September 25, 2019 at or about 8:13 p.m. and found as follows:

   a. Defendant Mark A. Beckelheimer had been taken out of service for driving on the morning of September 25, 2019 by Trooper S. Darnell and was not released to drive until 9:35 p.m.;

   b. Defendant Mark A. Beckelheimer was still in violation of 49 C.F.R. 395.8 and 49 C.F.R. 395.15; and

   c. Defendant Mark A. Beckelheimer had falsified his log entry on a non-ELD (electronic logging device).

35. Trooper K. Armstrong issued another citation for violations of Kentucky Revised Statutes including violation of K.R.S. 281.600 – Violation Part 395 Federal Safety Regulations – Hours of Service For Drivers.

36. Defendant Mark A. Beckelheimer's statutory and regulatory violations, while driving a vehicle for Defendants M & T and Bowen, are a direct and proximate cause of Scott P. Hall's injuries and damages to his estate as defined in Count I of this Complaint.

## COUNT III: GROSS NEGLIGENCE OF MARK A. BECKELHEIMER

37. Plaintiff(s), Letti K. Hall, Individually and as Personal Representative for the Estate of Scott P. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 36 as if set out fully herein and incorporates the same by reference.

38. By driving after having been taken out of service by Trooper S. Darnell and by falsifying his driving log book, Defendant Mark A. Beckelheimer, while driving a vehicle for Defendants M & T and Bowen, has demonstrated a willful and wanton disregard for the traveling public and Scott P. Hall's safety and is grossly negligent. Plaintiff demands punitive damages against Defendant Mark A. Beckelheimer.

## COUNT IV: RESPONDEAT SUPERIOR OF M & T TRUCKING EXPEDITING LLC

39. Plaintiff(s), Letti K. Hall, Individually and as Personal Representative for the Estate of Scott P. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 38 as if set out fully herein and incorporates the same by reference.

40. At the time of the crash complained of herein, Defendant, Mark A. Beckelheimer, was an agent, servant, or employee or ostensible agent, servant, or employee of Defendant, M & T Trucking Expediting LLC.

41. At the time of the crash, Defendant Mark A. Beckelheimer was acting within the scope and course of his agency, service or employment for Defendant M & T.

42. The liability of Defendant Mark A. Beckelheimer is imputed to Defendant M & T Trucking Expediting LLC under the doctrine of respondent superior. Accordingly,

Defendant M & T Trucking Expediting LLC is vicariously liable for the acts of Defendant Mark A. Beckelheimer and for the causes of action above.

### COUNT V: STRICT LIABILITY OF M & T TRUCKING EXPEDITING LLC

43. Plaintiff(s), Letti K. Hall, Individually and as Personal Representative for the Estate of Scott P. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 42 as if set out fully herein and incorporates the same by reference.

44. Regardless of the employment relationship between Mark A. Beckelheimer and M & T Trucking Expediting LLC, M & T is the registered owner of the USDOT number 02458407 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

### COUNT III: NEGLIGENT HIRING, SUPERVISION AND RETENTION AGAINST M & T TRUCKING EXPEDITING LLC

45. Plaintiff(s), Letti K. Hall, Individually and as Personal Representative for the Estate of Scott P. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 44 as if set out fully herein and incorporates the same by reference.

46. Defendant M & T Trucking Expediting LLC had a duty to Scott P. Hall and the public to use reasonable care in hiring, supervising and retaining Mark A. Beckelheimer.

47. Defendant M & T knew, or reasonably should have known, through the use of ordinary care Defendant Mark A. Beckelheimer was a negligent and/or careless commercial driver who failed to follow the rules of the road for each state in which he drove and/or to obey those regulations established by the United States Department of

Transportation's Federal Motor Carrier Safety Administration as codified for all commercial drivers and was unfit for the job for which he was employed.

48. Defendant M & T knew, or reasonably should have known, Defendant Mark A. Beckelheimer's employment with M & T as a commercial driver created an unreasonable risk of harm to Scott P. Hall and the public.

49. Defendant M & T knew or should have known through reasonable supervision of Mark A. Beckelheimer of the risk his continued employment as a commercial driver posed to Scott P. Hall and the public.

50. Defendant M & T failed in the aforementioned duty to use reasonable care when hiring, supervising and retaining Mark A. Beckelheimer and is negligent.

51. Defendant M & T Trucking Expediting LLC's negligence is a direct and proximate cause of Scott P. Hall's injuries and damages to his estate as defined in Count I of this Complaint.

COUNT IV: NEGLIGENCE PER SE OF M & T TRUCKING EXPEDITING LLC

52. Plaintiff(s), Letti K. Hall, Individually and as Personal Representative for the Estate of Scott P. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 51 as if set out fully herein and incorporates the same by reference.

53. Defendant M & T Trucking Expediting LLC violated and encouraged Defendant Mark A. Beckelheimer to violate state and federal statutes and regulations, including but not limited to K.R.S. 281.600 and 49 C.F.R. §§ 350 to 399.

54. Defendant M & T's statutory violations constitute negligence per se and are direct and proximate cause of Scott P. Hall's injuries and damages to his estate as defined in Count I of this Complaint.

## COUNT V: NEGLIGENT HIRING AND RETENTION AGAINST BOWEN TRANSPORTATION, LLC

55. Plaintiff(s), Letti K. Hall, Individually and as Personal Representative for the Estate of Scott P. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 54 as if set out fully herein and incorporates the same by reference.

56. Defendant Bowen Transportation, LLC had a duty to Scott P. Hall and the public to use reasonable care in hiring and retaining M & T Trucking Expediting LLC and Mark A. Beckelheimer.

57. Defendant Bowen knew, or reasonably should have known, through the use of ordinary care that Defendants M & T and Mark A. Beckelheimer were negligent and/or careless motor carrier and commercial driver who failed to follow the rules of the road for each state in which M & T operated and Mark Beckelheimer drove and that these Defendants would not obey those regulations established by the United States Department of Transportation's Federal Motor Carrier Safety Administration as codified for all commercial drivers and each were unfit for the job for which they were employed.

58. Defendant Bowne knew, or reasonably should have known employment of Defendants M & T and Mark A. Beckelheimer created an unreasonable risk of harm to Scott P. Hall and the public.

59. Defendant M & T failed in the aforementioned duty to use reasonable care when hiring and retaining M & T and Mark A. Beckelheimer and is negligent.

60. Defendant Bowen Transportation, LLC's negligence is a direct and proximate cause of Scott P. Hall's injuries and damages to his estate as defined in Count I of this Complaint.

## COUNT VI: LOSS OF CONSORTIUM

61. Plaintiff, Letti K. Hall, adopts and reiterates each and every allegation in paragraphs 1 to 60 as if set out fully herein and incorporates the same by reference.

62. On September 25, 2019, Letti K. Hall was at all times relevant hereto legally married and the wife of decedent, Scott P. Hall.

63. As a direct result of the negligence of defendants described and complained of herein, Plaintiff Letti K. Hall, has suffered the loss of her husband and his consortium, affection, companionship and services and all of her damages are in an amount that exceeds the minimum jurisdiction of this Court.

WHEREFORE, Plaintiff(s), Letti K. Hall, Individually and as a Personal Representative of the Estate of Scott P. Hall, deceased, by counsel, request a judgement against the Defendant(s) in favor of the Plaintiff(s) in an amount reasonably calculated to compensate Plaintiff(s) for the following damages including:

1. Past medical expenses;
2. Past physical and mental pain, suffering, anguish and inconvenience;
3. Destruction of Scott P. Hall's capacity to labor and earn income;

4. Funeral and burial expenses;

5. Judgment against Defendants for compensatory damages in an amount in excess of the amount necessary to invoke the jurisdiction of this court and reasonably calculated to compensate Plaintiff Letti K. Hall for her claims for consortium.

6. Prejudgment interest;

7. Punitive Damages;

8. Trial by jury; and

9. Any and all other appropriate relief to which Plaintiff(s) may appear to be justly entitled.

        Respectfully submitted,

        _____
        Carolyn C. Ely
        Isaacs & Isaacs, P.S.C.
        1601 Business Center Court
        Louisville, Kentucky 40299-2370
        Telephone: (502) 458-1000
        Facsimile: (502) 454-5512
        Email: ely@isaacandisaacs.com
        *Counsel for* Plaintiff Letti K. Hall,
        Individually and as the Personal
        Representative for the Estate of Scott P.
        Hall, deceased