UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| LETTIE K. HALL, *et al.*, ) | |
| ) | |
| ) | Civil No. 3:20-cv-00072 |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| M&T TRUCKING EXPEDITING LLC, ) | **ORDER** |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Motion to Remand [R. 6.]  Plaintiff Letti K. Hall, individually and as the Personal Representative for the Estate of Scott P. Hall, deceased, asserts that Defendants' Notice of Removal was untimely, and this matter should therefore be remanded back to state court.  *Id.*  For the reasons that follow, Plaintiff's Motion to Remand [**R. 6**] is **GRANTED**.

I

On September 25, 2019 in Franklin County, Kentucky, Scott P. Hall was killed in a car wreck with a vehicle owned by M&T Trucking Expediting, LLC and operated by Mark A. Bekelheimer.  [R. 6 at 1.]  On January 17, 2020, Plaintiff Letti K. Hall, individually and as the Personal Representative for the Estate of Scott P. Hall, deceased, filed her Complaint in the Circuit Court of Franklin County.  [R. 1-1.]  As required under the Kentucky Rules of Civil Procedure 8.01(2), Ms. Hall did not set forth a specific monetary demand in her Complaint.  [R. 6 at 2.]  Nonetheless, Ms. Hall's Complaint raised six counts and requested a judgment against

Defendants to compensate for the following damages: (1) past medical expenses, (2) past physical and mental pain, suffering, anguish, and inconvenience, (3) destruction of Scott P. Hall's capacity to labor and earn income, (4) funeral and burial expenses, (5) loss of consortium, and (6) punitive damages. [R. 1-1.] On April 9, 2020, Defendants served written discovery requests to Ms. Hall "to obtain information about [her] various claims." [R. 7 at 1.] Ms. Hall failed to respond until October 1, 2020. *Id.* at 2. On October 19, 2020, two hundred and seventy-six days after the filing of Plaintiffs' Complaint, but only eighteen days after the return of interrogatories, Defendants filed a Notice of Removal. [R. 6 at 2; R. 7 at 2.] Now, Plaintiff seeks remand, arguing that Defendants' Notice of Removal was untimely.

## II

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted).

In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Further, the defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602

(E.D. Ky. 2002) (citations omitted). Regarding timeliness, 28 U.S.C. § 1446(b)(1) requires defendants to file a notice of removal of a civil action or proceeding within thirty days of receipt of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based. However, if the initial Complaint does not make it ascertainable that removal is proper, Section 1446(b)(3) grants a time extension and permits a notice of removal to be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, there is no dispute that the parties are diverse or that the damages sought by the Plaintiff exceed $75,000. Instead, the contention between the parties is over the timeliness of the Defendants' removal. Plaintiff argues that the thirty-day window for removal began to run when Defendants received the initial Complaint on January 17, 2020. [R. 6 at 3.] Because Defendants did not file their Notice of Removal until October 19, 2020, Plaintiff argues that removal is untimely. *Id.* Plaintiff also seeks attorney's fees incurred because of the removal. *Id.* at 6. In response, Defendants argue that, because Plaintiff did not include a monetary value in her Complaint, it was not ascertainable that the matter could be removed until Plaintiff returned Defendants' interrogatories and clarified that her alleged damages exceeded $75,000. [R. 7 at 3.] As a result, Defendants argue that Section 1446(b)(3) controls and that this matter was timely removed. *Id.*

**A**

The Court first turns to Plaintiff's contention of untimeliness. Pursuant to Kentucky Rule of Civil Procedure 8.01(2)[1], parties are not permitted to recite any sum as alleged damages. *See*

---

[1] Kentucky Rule of Civil Procedure 8.01(2) states as follows:

Kentucky R. Civ. P. 8.01(2). Instead, parties are only permitted to allege that "damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court." *Id.* While Plaintiff concedes that, pursuant to KRCP 8.01(2), no monetary claim was included in her initial Complaint, she argues that, because "Plaintiff has specifically alleged injury resulting in death," Defendants were provided "more than sufficient notice. . . that the damages claimed in [the] action would exceed $75,000." *Id.* at 5. Ms. Hall's primary argument is that her Complaint renders it clear that her alleged damages exceed $75,000, even though this amount was not expressly stated in her Complaint. *See id.* Thus, she argues that Section 1446(b)(3)'s time extension for filing a notice of removal is inapplicable. Furthermore, Ms. Hall argues that Defendants were on notice that her alleged damages exceeded $75,000 because of two oral statements made by Plaintiff's counsel to Defendants' counsel which indicated that the damages exceed $75,000. [*See* R. 6 at 5.]

In support of her contention that Defendant should have been aware that damages exceeded $75,000 at the filing of the initial pleading, Ms. Hall cites to *McCraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994). In *McCraw*, the Plaintiff filed an action in state court "asserting various state tort claims including assault, battery, harassment, and outrageous conduct against Defendant." *McCraw*, 863 F. Supp. at 431. Pursuant to KRCP 8.01(2), however, Plaintiff did not assert a sum of alleged damages. *Id.* After receiving Plaintiff's responses to interrogatories

---

In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court; provided, however, that all parties shall have the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence. When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories. […]

4

and well beyond the thirty-day removal period permitted under Section 1446(b)(1), Defendant filed a Notice of Removal. *Id.* at 432. There, the District Court found as follows:

> Because state courts are well-equipped to handle diversity cases, there is no reason to allow a defendant additional time if the presence of grounds for removal is unambiguous given the defendant's knowledge and the claims made in the initial complaint. In other words, even where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot "sit idly by" while the statutory period runs.

*Id.* at 434. Thus, because the allegations and claims for damages found in the Plaintiff's initial complaint rendered it unambiguous that the requested damages exceeded the jurisdictional amount required for removal under Section 1446(b)(1), the District Court in *McCraw* remanded the case back to state court.[2]

Plaintiff asserts that, like in *McCraw*, the alleged damages, including (1) past medical expenses, (2) past physical and mental pain, suffering, anguish, and inconvenience, (3) destruction of Scott P. Hall's capacity to labor and earn income, (4) funeral and burial expenses, (5) loss of consortium, and (6) punitive damages, render it

---

[2]  The District Court in *McCraw* also cited to Congress's policy rationales for adopting Section 1446. These policies included precluding a defendant from adopting a "wait and see" approach in the state court, which would permit a defendant to determine at a later point in litigation to remove the case to federal court if the defendant is displeased with how the case is progressing in state court. 863 F. Supp. at 434. Additionally, the *McCraw* Court stated that "the time limit minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court." *Id.* The Court finds these policy rationales highly persuasive in favor of encouraging defendants to remove cases to federal court at the initial pleading stage rather than later in litigation if a plaintiff's alleged damages unambiguously exceed the minimum jurisdictional requirement. However, the Court does not agree with the *McCraw* Court that, even when damages are ambiguous, a Defendant should remove to federal court immediately because he may later utilize Section 1446(b)(3) to remove a second time if his case is remanded and the amount of damages is later discovered to exceed the minimum threshold. Instead, this Court finds immediate removal to only be required when alleged damages unambiguously exceed the minimum threshold for removal, as ascertained by the information found within the Complaint.

5

unambiguous that the damages requested exceed the $75,000 threshold. [R 1-1; R. 6 at 5.] Plaintiff asserts this unambiguity is especially clear because she has "specifically alleged injury resulting in death." [R. 6 at 5.]

In response, Defendants argue that "a fair reading of Plaintiff's complaint alone does not indicate that the case is removable because it does not provide that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a)." [R. 7 at 3.] Concisely put, Defendants argue that the holding of *McCraw* should not be extended to this matter and that, because Plaintiff followed KRCP 8.01(2) and did not expressly state the requested sum of damages in her Complaint, Defendants should be permitted a time extension under Section 1446(b)(3), which would allow for removal within thirty days after a determination of the amount of requested damages through interrogatories. [*See* R. 7 at 3-12.]

In support of their positions, Defendants cite to *Wood v. Malin Trucking*, 937 F. Supp. 614 (E.D. Ky. 1995) and *Warren v. Sheba Logistics, LLC*, 2016 U.S. Dist. LEXIS 32097 (W.D. Ky. 2016). In *Wood*, a living Plaintiff and the estate of a deceased Plaintiff sued a trucking company after a collision. 937 F. Supp. at 615. The living Plaintiff's complaint did not assert the amount of damages pursuant to KRCP 8.01(2), but asserted, at a minimum, damages caused by injuries to his knee. *Id.* at 615, 616. Defendants argued that his damages did not unambiguously exceed the minimum threshold. *See id.* at 616. Moreover, although the deceased Plaintiff's injuries included death, the Defendants stated that because "she was unemployed at the time of [the] accident and had no worked for several years. . . and that "since she died in the collision, her estate would not be entitled to damages for pain and suffering and would only be entitled to

6

funeral/burial expenses," it was not clear that her damages exceeded the minimum threshold.³ *Id.* at 616.  There, the Court found that, primarily because Defendants had a limited amount of information about the Plaintiffs upon receipt of their complaints, "it was reasonable for the Defendants to conclude at that time that this action was not subject to removal." *Id.* at 617.  The Court ultimately stated that "the Defendants herein should not have been required to 'speculate,' 'guess,' 'assume,' or 'expect' that this action was removable at the time the complaints were filed." *Id.*

Additionally, Defendants cite to *Warren v. Sheba Logistics, LLC*, 2016 U.S. Dist. LEXIS 32097 (W.D. Ky. 2016).  In *Warren*, the District Court declined to extend the holding of *McCraw* to traffic accident claims, rationalizing that the variation in damages arising from traffic accidents create ambiguity regarding damages which need be first clarified through discovery before a defendant's time for removal begins to run.⁴ *See Warren*, LEXIS 32097 at *6-*7.  Finally, Defendants argue that Plaintiff's counsel's statements were insufficient to trigger the 30-day removal period because Section 1446(b)(3) indicates removal is triggered by amended pleadings, motions, or "other paper," not oral statements.  [R. 7 at 9.]

The Court agrees with Plaintiffs.  Although Plaintiff's counsel's statements, alone, were insufficient to trigger the 30-day period, it disagrees that Defendants could not ascertain that damages were likely to exceed $75,000 from a fair reading of Plaintiff's Complaint.  Moreover, the Court finds the *McCraw* Court's rationale to be persuasive in

---

³ Although the Court is not privy to all facts known by the parties prior to the filing of the Complaint in this matter, it generally disagrees with the holding that the death of a party in a car accident renders it unambiguous that requested damages are likely to exceed $75,000.
⁴ While it is true that injuries in car accidents vary, when serious injury and death is alleged, as in this matter, it is not ambiguous that requested damages are likely to exceed $75,000.

7

this matter, while the *Wood* and *Warren* opinions are unpersuasive or factually distinct.[5] Because Plaintiff's Complaint includes a list of six areas in which she seeks compensation, all of which arise from the death of her spouse due to the alleged negligence of Defendants, a logical reading of her Complaint renders it unambiguous that her requested damages were likely to exceed $75,000. As a result, Defendants' removal period began to run when the initial pleading was filed; and it expired thirty days later. No time extension is permitted under Section 1446(b)(3) because Defendants could have ascertained that the requested damages would exceed the minimum threshold from the initial pleading. Accordingly, this case will be **REMANDED** back to state court.

B

Having found in favor of remand, the Court must now consider Plaintiff's request for an award of costs and fees associated with the removal of this action pursuant to 28 U.S.C. § 1447(c). A party seeking an award of costs and fees associated with removal need not demonstrate "improper purpose" by the removing party. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). However, the party prevailing on a motion to remand is not presumptively awarded attorney fees. *Bartholomew v. Collierville*, 409 F.3d 684, 686-87 (6th Cir. 2005). Rather, the District Court, in its own discretion, may award attorney fees and costs following remand of a state court action, *Morris*, 985 F.2d at 240, using a standard that "turn[s]

---

[5] Additionally, the Court finds this decision to be consistent with *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990). In *Cole*, the District Court granted remand because it found the amount in controversy failed to exceed the minimum threshold. *Cole*, 728 F. Supp. at 1309. However, the District Court also indicated that, in cases where "the nature of the claim" and "the complaint provides no substance relating to the extent of [the plaintiff's] injuries" a party should first engage in discovery prior to filing for removal because, at the initial pleading stage, defendants had "no clue as to [the case's] removability." *Id.* Unlike in *Cole*, however, the nature of the claim and information provided in this Complaint in this matter did provide parties an obvious "clue" as to its removability: the death of the Plaintiff's spouse.

on the reasonableness of removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Indeed, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* The appropriate test "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.*

Consistent with the stated policy basis for § 1477(c), this Court is generally reluctant to award fees and costs in association with a remand to state court. In this matter, the legal intersection of KRCP 8.01(2) and Section 1446 is an area of law which has not yet been fully developed. Due to conflicting Kentucky District Court precedents, Defendants' removal was not objectively unreasonable. Thus, Plaintiff's request for attorney's fees and costs is **DENIED**.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff's Motion to Remand [R. 6] is **GRANTED**.

This the 3d day of March, 2021.

Gregory F. Van Tatenhove
United States District Judge